UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

T.M., a Child with a Disability, Individually and by
his Parent and Next Friend, J.M.,

                              Plaintiffs,

                  -vs-                                           07-CV-539C

ALLEGANY-LIMESTONE CENTRAL SCHOOL
DISTRICT,

                              Defendant.

---

       Plaintiffs have brought this action pursuant to the Individuals with Disabilities Education Act [IDEA], 20 U.S.C. § 1415(i)(2), section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.*, Article 89 of the New York State Education Law, and the applicable State and federal regulations, seeking review of an administrative determination by the State Education Department. Plaintiffs reside in Allegany County, New York, and are within the jurisdiction of defendant Allegany-Limestone Central School District. Pending is a motion for summary judgment by the defendant Allegany-Limestone Central School District and a cross-motion for summary judgment brought by the plaintiffs.

       Plaintiffs assert that T.M. is a child with a disability as defined by the IDEA, 20 U.S.C. § 1401(3)(A). J.M. is the parent of T.M., as defined by the IDEA, 20 U.S.C. § 1401(23). The defendant Allegany-Limestone Central School District is a local educational agency, as defined by the IDEA, 20 U.S.C. § 1401(19)(A) and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and State statutes, regulations, and the U.S. Constitution, and is

subject to the requirements of 20 U.S.C. § 1400, 20 U.S.C. § 794, and the regulations promulgated thereunder. Jurisdiction is predicated upon 28 U.S.C. § 1331 and upon the civil enforcement provision of the IDEA, 20 U.S.C. §1415(i)(2).

Under New York State regulations, an Individual Education Plan [IEP] is developed for particular students with disabilities by the school district. There is an Independent Hearing Officer [IHO] in every school district. Each district also has a Committee on Special Education [CSE]. If a parent or student believes that the student is not receiving an appropriate education under the IDEA and the state law governing these proceedings, a district, working through the CSE, will propose a solution. If the parents are dissatisfied with the plan offered, they may make an appeal to the IHO, who is an employee of the school district but whose decision is independent of the School District's presentation. A parent or any party requesting an impartial hearing shall specify in the due process complaint the nature of the problem. If the parents are dissatisfied with the decision of the IHO of the District, they may make an application for review by the State Review Officer [SRO].

In this case, T.M.'s parents requested an impartial hearing with regard to the School District's implementation of his IEP for the 2004-05 and 2005-06 school years. IHO Joan Alexander issued a lengthy decision granting some of the relief requested and denying some of the relief requested, and both parties appealed. On May 17, 2007, SRO Paul Kelly issued an opinion sustaining both appeals in several respects.

Defendant has filed a motion for summary judgment (Item 20) dismissing the complaint. In connection with the motion, defendant has submitted a memorandum of law, a statement of material facts which are not in dispute, and an affidavit of Mary Lou Kyser,

Chairperson on the Committee of Special Education, in support of its motion (Item 22). Plaintiffs have filed a cross-motion for summary judgment seeking to vacate the SRO's decision, and have submitted a memorandum in support of that motion and in opposition to defendant's motion for summary judgment, and affidavits (Item 27). Defense counsel then filed a reply (Items 28-29).

It appears that the plaintiffs and defendant agree as to how this court should proceed in reviewing the administrative decisions issued by the State hearing officers. As plaintiffs' counsel asserts in his memorandum, federal courts reviewing administrative decisions must give due weight to the administrative proceedings and remain mindful that the judiciary generally lacks the specialized knowledge and experience necessary to resolve pertinent and difficult questions of educational policy. *See, e.g.*, *Collins v. Board of Education*, 164 Fed. Appx. 19, 21 (2d Cir. 2006); *Walczak v. Fla. Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir. 1998).

Plaintiffs argue that SRO Kelly raised an issue never asserted by the defendant up to that point that certain issues alleged in the complaint were time-barred. Plaintiffs state that Mr. Kelly provided no notice to the parties that he was deciding this issue, and no opportunity to be heard.

Plaintiffs further argue that even if Mr. Kelly correctly raised the statute of limitations defense, he erred in applying a one-year statute (Item 27, Exh. 5, p. 8). Plaintiffs also argue that the claims involving improper physical restraints are not moot because no meaningful relief could be granted as to these claims. Plaintiffs point out that the initial hearing officer granted the relief, including a finding that such restraints were "unauthorized" and constituted a denial of a free appropriate public education [FAPE], and

ordered the defendant to cease the practice. She concluded that the same individuals might again engage in the same misconduct. IHO Decision at p. 35 (Item 29).

Plaintiffs argue that the record indicates that the School District denied an FAPE during the 2004-05 and 2005-06 school years. Plaintiffs argue that since T.M. is autistic, his language needs had to be addressed further. Plaintiffs argue that the district failed to provide mandated services on a daily basis, as shown by the 2004-05 and 2005-06 IEPs. Plaintiffs argue that the district should have recognized the student's deficiencies in language when it identified a verbal IQ score of 72, which is 34 points lower than his performance IQ (Item 27, Exh. 5, p. 14).

In the memorandum of law in support of the cross-motion for summary judgment (Item 27), plaintiffs argue that the claims involving proper physical restraints are not moot, and that defendant denied the student a FAPE during the 2004-05 and 2005-06 school years. SRO Kelly, in his decision of May 11, 2007 (Item 29, attachment), carefully reviewed both of these issues. As to the physical restraints applied to the student, he found that there was no reasonable expectation that the complaining party would be subjected to the same action again. He noted that the behavior plan, which was adopted after it was reviewed by a Board of Cooperative Education Services [BOCES] behavior specialist consultant, recommended very strongly the need to address the student's behavior difficulties, and that a behavior plan was developed in April of 2005 and has been continually modified. In response, plaintiffs object to the manner in which physical intervention was applied to the student when he became out of control.

Upon consideration of the administrative record, and under the circumstances presented, I find that Mr. Kelly's decision in this regard should be affirmed. Based on his

review of the case, Mr. Kelly found it highly unlikely that the circumstances requiring physical constraint will recur. In any event, it is clear that the School District is aware of the rules for physical intervention. At this stage, I am confident that the School District will apply the rules if necessary to intervene in the student's conduct. In reaching my decision, I have considered carefully the statement of material facts submitted by defendant and also the decision of SRO Kelly. I note that Mr. Kelly has supported the plaintiffs' claim for reimbursement for the programs in which the student participated for the summer of 2005 and the summer of 2006. Considering it as a whole, I find that the record supports the School District's position that Mr. Kelly's decision should be given substantial deference by this court.

It seems that the student's concerns were properly addressed for the period 2005-06. Mr. Kelly also points out that the process is so slow that the student's needs at the present time cannot be completely addressed. I find that in this case, the School District did its best to address the plaintiffs' needs. Furthermore, I note that the School District should reimburse the plaintiffs for tuition expenses for the summers of 2005 and 2006 upon submission of proper proof of payment. Considering the many issues which were presented in this case, I find that on the whole, the defendant has satisfactorily complied with the State Education law. Therefore, the motion for summary judgment made by defendant is granted, and the plaintiffs' cross-motion for summary judgment is denied.

The Clerk is directed to enter judgment in favor of defendant dismissing the complaint in its entirety.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: September 25, 2009
p:\pending\2007\07-539.sep1409